IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL R. WOMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-059 |
| | ) | |
| BRAD HOOKS, Warden; STATE | ) | |
| OF GEORGIA; DEPARTMENT OF | ) | |
| CORRECTIONS; DR. AJIBADE; | ) | |
| CHERIE PRICE, Deputy Warden of | ) | |
| Care and Treatment; DR. SHARON | ) | |
| LEWIS, Medical Director of GDC, | ) | |
| in their Individual and Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

### A. Background

In his complaint, Plaintiff names as Defendants (1) Brad Hooks, Warden; (2) the State of Georgia; (3) the Department of Corrections; (4) Dr. Ajibade; (5) Cherie Price, Deputy Warden of Care and Treatment; (6) Dr. Sharon Lewis, Medical Director of the Georgia Department of

Corrections. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 9, 2015, Plaintiff's gallbladder was surgically removed. (Id. at 8.) Plaintiff received no post-surgery care after the procedure and was sent back into the prison population. (Id.) Plaintiff was prescribed Tylenol, yet remained in excruciating pain. (Id. at 5.) Plaintiff seeks treatment by a physician to alleviate his persistent pain and suffering and damages in the amount of $25,000. (Id.)

### B. Leave to Amend Complaint.

Here, Plaintiff's allegations do not allow the Court to conduct a meaningful initial review of his complaint. In his statement of the claim, Plaintiff does not name a single individual defendant, much less describe how they were personally involved the alleged constitutional violations. (Id. at 5, 8.) Further, Plaintiff's complaint is wholly devoid of detail, failing to describe important facts such as (1) the dates of each postoperative medical appointment and identities of all medical personnel involved in such appointments; (2) the reason for each such appointment, and the types of treatment provided to Plaintiff as a result of each such appointment; (3) when the "excruciating pain" began, the location on his person of such pain, the cause of such pain, and when the excruciating pain subsided; (4) each occasion on which Plaintiff complained about his level of pain to medical personnel, the identities of the medical personnel he told on each such occasion, the full scope of treatment offered as a result of each such complaint, and any explanation provided by medical personnel when denying Plaintiff's request for more potent pain medication. (Id.)

Plaintiff also requests that 10% of the recovery in this case be set aside for his "lay

2

counsel" Daniel W. Taylor. (Id. at 6.) The Court cautions Plaintiff that a non-attorney may not represent Plaintiff in federal court. Under 28 U.S.C. § 1654, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." "The existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney." Stewart v. Moses, No. 7:14-CV-34 HL, 2014 WL 2986730, at *1 (M.D. Ga. July 2, 2014). Under Georgia law, a person granted a power of attorney who is not a lawyer may not represent other parties as such would be the unauthorized practice of law. See O.C.G.A § 15-19-51(a); Toenniges v. Steed, 739 S.E.2d 94, 95 (Ga. Ct. App. 2013)

The Court recognizes that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure the pleading deficiencies outlined above by amending his complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within twenty-one days of the date of this Order.[1] If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint, which **MUST** be filed in accordance with the following instructions.

## II. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern

---

[1] The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

3

Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[2] Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only

---

[2]For example, Plaintiff should not simply state, "See attached documents."

one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 9th day of October, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA