IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL R. WOMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-059 |
| | ) | |
| BRAD HOOKS, Warden; STATE | ) | |
| OF GEORGIA; DEPARTMENT OF | ) | |
| CORRECTIONS; DR. AJIBADE; | ) | |
| CHERIE PRICE, Deputy Warden of | ) | |
| Care and Treatment; DR. SHARON | ) | |
| LEWIS, Medical Director of GDC, | ) | |
| in their Individual and Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
___

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. In accordance with the Court's Order, Plaintiff has now amended his complaint. (Doc. no. 8.) Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.  **SCREENING OF THE COMPLAINT**

   A.  **Background**

In his complaint, Plaintiff names as Defendants (1) Brad Hooks, Warden; (2) the State of Georgia; (3) the Department of Corrections; (4) Dr. Ajibade; (5) Cherie Price, Deputy Warden of

Care and Treatment; and (6) Dr. Sharon Lewis, Medical Director of the Georgia Department of Corrections. (Compl., doc. no. 8, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 9, 2015, Plaintiff's gallbladder was surgically removed. (Id. at 5.) Plaintiff was transported back to Johnson State Prison where he received three Tylenol pills for his pain and a bottom bunk profile. (Id.) Despite these pain pills, Plaintiff told Nurse Sutton and Nurse Pullins that he was still experiencing excruciating pain. (Id.) On March 11, 2015, Plaintiff had a follow-up visit with Dr. Cowen where he told him about the excruciating pain and that the Tylenol was not helping. (Id.) Dr. Cowen refused to prescribe a more potent painkiller and told Plaintiff that he was just healing. (Id.) Over the next week, Plaintiff continued to receive Tylenol and relayed to Nurse Pullins and Nurse Sutton that he was in pain. (Id.) His Tylenol prescription then expired on March 16, 2015. (Id.) On March 18, 2015, Plaintiff had an appointment with Dr. Cowen where six staples were taken out, and Dr. Cowen again refused to prescribe pain medication because Plaintiff was just healing. (Id. at 6.)

The remaining four staples from the surgery were removed on March 23, 2015 by Nurse Bailey. (Id.) On March 25, 2015, Plaintiff's pain began to subside and only flared up when he moved a certain way. (        Id.) On April 9, 2015, Plaintiff was seen by Dr. Cowen again in response to a sick call where Dr. Cowen prescribed Plaintiff 800mg Ibuprofen for his back pain, not his abdomen pain. (Id.) Plaintiff continued to complain that the 800mg Ibuprofen was insufficient but was seen continuously by Dr. Cowen over the next two months. (Id. at 6-7.) On June 6, 2015, a physician's assistant examined x-rays of Plaintiff's side and stomach and found everything to be normal. (Id. at 7.)

On August 11, 2015, Plaintiff had an MRI which looked normal. (Id.) Despite the normal MRI, Plaintiff was prescribed stronger medication, Roboxin 75 mg. (Id.) However, this prescription was discontinued before he received it, and more blood work was ordered. (Id.) On October 13, Plaintiff submitted a sick call request but no follow up was ordered. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the

3

defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need.

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy

the subjective component, Plaintiff must allege that a defendant: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Here, Plaintiff has failed to satisfy both the objective and subjective elements of

alleging a deliberate indifference to a serious medical need. Plaintiff has not shown an objectively serious medical need because he has seen multiple doctors, had x-rays and MRIs, but no medical professional has diagnosed him with any sort of disease related to his abdomen. Although Plaintiff had gallbladder surgery, all subsequent evaluations have shown that his x-rays and MRIs are normal. (<u>Id.</u> at 6-7.) Moreover, Plaintiff has not alleged facts sufficient to show the objective component because he has been continually treated by medical staff, has received multiple scans such as x-rays and MRIs, and been prescribed pain medication. Although Plaintiff may allege the medication prescribed is insufficient, such a claim is simply a disagreement with the course of medical treatment and cannot form the basis of a deliberate indifference claim. <u>Smith</u>, 375 F. App'x at 910.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of February, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA